IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| VINCENT GUNTER, | : | CIVIL ACTION |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | NO. 14-2925 |
|  | : |  |
| CAMBRIDGE-LEE INDUSTRIES, LLC., | : |  |
| Defendant. | : |  |

**MEMORANDUM**

Perkin, M.J.                                                                                                          July 14, 2016

Plaintiff filed this action alleging that his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* ("FMLA") were violated by the Defendant employer. The parties reached terms of settlement as to a monetary amount but could not agree on how the proceeds should be reported to the Internal Revenue Service ("IRS").

I.   **Background**

On June 20, 2016, Plaintiff filed a Motion to Enforce Settlement (Docket No. 45), which was responded to by the Defendant on June 22, 2016 (Docket No. 47). Also on June 22, 2016, Plaintiff filed a Reply Brief in Support of the Motion to Enforce Settlement (Docket No. 48). On a conference call on June 23, 2016, counsel for the parties stipulated that the Court should review the applicable law and facts and make a determination as to the proper method of reporting the settlement proceeds to the IRS. (Docket No. 51 - Minute entry for conference call with counsel). As result, the Motion to Enforce Settlement will be resolved by the Court's determination of the method of reporting the proceeds of the settlement to the IRS.

The Plaintiff's position is that the settlement proceeds are not wages and therefore not subject to withholding or reporting to the IRS with a Form W-2 but should be reported to the IRS on Form 1099 without withholding. In support of his position, the Plaintiff cites the case of *Churchill v. Star Enters.,* 3 F. Supp.2d 622 (E.D. Pa. 1998), decided by our colleague, the Honorable Harvey Bartle, III.

The Defendant, on the other hand, asserts that the settlement proceeds constitute wages to the Plaintiff which must be reported to the IRS on form W-2 subject to withholding of taxes and other payroll charges. The Defendant contends that the IRS's position is that employment taxes should be withheld from any settlement funds paid directly to the Plaintiff relying, among other cases, on *Cheetham v. CSX Transp.* No. 06-704, 2012 WL 1424168 (M.D. Fla. Feb. 13, 2013).

## II.    Discussion

As the Defendant points out in its Memorandum of Law, this Court is not bound by the decision in *Churchill* as it is not a precedential decision in the Third Circuit. In fact, there appears, as of this date, to be no decision in the Third Circuit directly regarding the issue at hand. *See Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991). The same principle would apply to the *Cheetham* and other cases cited by the Defendant in support of the position that the proceeds to the Plaintiff or wages subject to withholding and reporting on a Form W-2.

In *Churchill*, the Plaintiff, Mary Churchill brought an action against her employer alleging violation of FMLA and was successful before a jury. The defendant in that case paid Ms. Churchill the liquidated damage portion of the judgment granted in her favor and then took the

position that the judgment was fully satisfied. This left an unpaid portion of the judgment which the defendant asserted were federal income taxes, FICA contributions and state income taxes which had to be withheld from the employee's wages for services performed by the employee. Judge Bartle reviewed two Internal Revenue Service Rulings and one Internal Revenue Service Regulation which were cited by the defendants in support of the position that taxes must be withheld from a back pay award. *Churchill,* 3 F. Supp.2d at 624-625 (citing 622 Rev. Rul. 72-341, 1972-2 C. B. 32, *obsoleted by*, Rev. Rul. 96-65, 1999-2 C.B. 6; Rev Rul. 78-176, 1978-1 C.B. 303). Judge Bartle found that Revenue Rulings 72-341 and 78-176 which held that back pay payments to former employees or persons never even employed by a corporation because of illegal discrimination constitute wages for purposes of tax withholding laws expressly contradicted the FMLA statute and when such contradiction exists, the Court is bound to follow the plain language of the statute. *Id.* at 625 (citing *Commissioner of Internal Revenue v. Schleier*, 515 U.S. 323, 336 n.8 (1995)).  Judge Bartle also examined the Internal Revenue Service Regulation cited by the defendants which states that "remuneration for employment" shall be considered wages, "even though at the time paid the relationship of employer and employee no longer exists between the person in whose employ the services were performed and the individual who performed them." *Id.* (quoting 29 C.F.R. § 31.3121(a)(1)(i)).  In reviewing the Rulings and Regulation as well as the FMLA statute, Judge Bartle noted that the Regulation and the FMLA statute specifically required the performance of services in order for the payment to constitute wages for withholding purposes.  As a result, he held that no withholding was mandated under either federal or state law.  *Id.*

       In the case of *Carr v. Fresenius Med. Care,* No. 05-2228, 2006 U.S. Dist LEXIS

29627, 2006 WL 1339970 (E.D. Pa. 2006) (unpublished), the plaintiff alleged that he was wrongfully terminated in violation of the FMLA, asserting a claim for both lost wages and lost fringe benefits. The parties entered into settlement negotiations which resulted in an agreement as to a specified settlement amount but the parties could not agree on whether federal and state income taxes and other payroll taxes should be withheld from that portion of the settlement which was attributed to back pay. In *Carr*, my colleague the Honorable David R. Strawbridge concluded that no portion of the settlement proceeds in the FMLA case was subject to withholding and that the withholding provisions of both federal and state statutes applied only to wages or remuneration for services performed. Judge Strawbridge , relying on *Churchill*, reviewed the FMLA remedial provision, 29 U.S.C § 2617 (a) (i)(I), which provides that employers who violate the FMLA are not, in fact, liable for lost wages or "back pay" but are liable for damages "*equal to* the amount of . . . any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation."  Judge Strawbridge read the pertinent FMLA provision in the context of the FMLA and other employment statutes and found that recovery under the FMLA "does not constitute back pay but an amount of damages equal to the sum of various components, including, but not limited to, lost wages." *Carr*, 2006 U.S. Dist LEXIS 29627, at *7-8.  Therefore, following the reasoning in *Carr*, an award, or in this case a settlement, under section 2617 (a)(i) (I) would not constitute wages subject to withholding of taxes.

        Defendant, in arguing that the proceeds of the settlement payable to the plaintiff or subject to payroll tax withholding, relies on the case of *Cheetham v. CSX Transp*. No. 06-704, 2012 U.S. Dist. LEXIS 49659, 2012 WL 1424168 (M.D. Fla. Feb. 13, 2013)(unpublished),

4

decided in the Middle District of Florida. In *Cheetham*, the plaintiff sought damages for violation of the FMLA and took the position that the proceeds of this lawsuit did not constitute wages which required the withholding of payroll taxes. In support of her position, the plaintiff cited *Churchill, Carr* and *Longstreth v. Copple*, 101 F. Supp.2d 776 (N.D. Iowa 2000), which followed the reasoning of *Churchill*. In *Cheetham*, Judge Morris, finding no appellate authority, invited the IRS to file an *amicus curiae* brief requesting its position with regard to FMLA awards constituting wages subject to withholding of taxes. In that case, the IRS took the position that the FMLA award constituted wages. Judge Morris distinguished *Churchill* and *Carr* on the basis that the Plaintiff was not suing any individual supervisors and it was not in dispute that the amount of damages awarded directly reflected the amount of wages lost by the plaintiff as she acknowledged at trial. *Cheetham*, 2012 U.S. Dist. LEXIS 49659, *21. It does not appear, however, that the *Cheetham* court performed the analysis of the Revenue Rulings as they relate to the statute as was done in *Churchill*.

      In a recent case in the District of New Jersey, *Natale v. East Coast Salon Svcs., Inc.*, No. 13-1254, 2016 WL 659722, *3 (D.N.J. Feb. 18, 2016)(unpublished), the plaintiff's claims against her former employer pursuant to the Age Discrimination in Employment Act were settled on the eve of trial. *Natale* examined the identical issue as in this case in the context of an ADEA case, whether settlement funds were to be paid to the plaintiff pursuant to a Form 1099-MISC or a Form W-2, and the method of payment was a "sticking point" between the parties because if a plaintiff is paid by W-2, defendant is obligated to deduct applicable taxes, withholdings for Social Security and Medicare and its employer tax, but a plaintiff paid by Form 1099-MISC is responsible for all of these taxes. Contrary to the case at bar, Ms. Natale wanted

the payment to be made by W-2 because she argued that her ADEA damages could only be classified as wages, and the employer argued that having to pay Ms. Natale by W-2 would constitute a windfall beyond the settlement amount.  In *Natale*, District Judge Noel Hillman stated that the *Churchill* decision has become the minority view and found generally that there is no uniform consensus on the proper payment of such settlement funds in courts throughout the country or in the legal literature and it appears that the IRS views that settlement payments that constitute wages paid by an employer to an employee must be paid by the employer in the form of a W-2.  *Id.* at *4.  The court looked to *Cifuentes v. Costco Wholesale Corp.*, 238 Cal. App. 4th 65, 77, 189 Cal. Rptr. 3d 104, 112 (2015), a wrongful termination case in which Mr. Cifuentes won a judgment for lost wages on a breach of contract claim against his former employer, Costco, as instructive on this issue.  In *Cifuentes*, Costco withheld federal and state payroll taxes from the award and the plaintiff claimed that the judgment was not satisfied, citing *Lisec v. United Airlines, Inc.*, 10 Cal.App.4th 1500, 1507 (1992), that an employer is not required to withhold payroll taxes from an award of lost wages to a former employee.  The trial court ruled that withholding was improper and denied Costco's motion for acknowledgement of satisfaction of the judgment.  The California appellate court held that the law as developed since *Lisec* required Costco to withhold payroll taxes from the award of lost wages, Costco complied with this requirement and satisfied the judgment and Cifuentes' remedy was to seek refunds for any excess withholding, not further damages from Costco.  *Cifuentes*, 238 Cal. App. 4th at 79.

      Although the Defendant argues that it "would be liable, both civilly and criminally, for failing to withhold the applicable taxes" if it pays the Plaintiff's portion of the settlement proceeds with a Form 1099-MISC, it fails to acknowledge that none of the cases cited

6

by either party are binding precedent on this Court.  As such, after review of the two competing lines of cases regarding withholding, the Court finds *Churchill* and *Carr* and their emphasis on the unique language of the FMLA persuasive, distinguishing it from other employment statutes to be persuasive and will follow the holdings of those cases.  We, therefore, hold that no withholding is required for the proceeds of the settlement in this case payable to the Plaintiff.[1]

An appropriate Order follows.

---

[1] It is anticipated that the settlement will provide for the payment of counsel fees and costs to Plaintiff's lawyer which will be reported to the IRS on Form 1099 with the net proceeds paid to the Plaintiff himself.  In light of the holding in this case, it is assumed that those proceeds will be reported to the IRS utilizing Form 1099.  Further, it is the intent that this Memorandum adjudicates the Plaintiff's motion to enforce settlement.